IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FNF HOLDINGS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-279 (MN) |
| | ) |
| DAQUITIA MONIQUE RICKETTS, FLIP AND FAST LLC, JOHN/JANE DOES 1-20, | ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 12th day of December 2024;

WHEREAS, on July 20, 2023, the Clerk of Court entered a Clerk's Entry of Default as to Defendants Daquitia Monique Ricketts ("Ms. Ricketts") and Flip and Fast LLC ("the LLC") (D.I. 15);

WHEREAS, by Order dated October 20, 2023, the Court granted-in-part and denied-in-part Defendants' Motion to Set Aside Entry of Default (D.I. 18) and Defendants' Motion for Extension of Time to file answer (D.I. 19) thereby (1) vacating the Clerk's Entry of Default as to as to Ms. Ricketts but not as to the LLC and (2) extending the time for Ms. Ricketts to file her responsive pleading, deeming Ms. Ricketts answer and counterclaim timely filed, but denying the extension as to the LLC (D.I. 25);

WHEREAS, in the same Order, the LLC was ordered to obtain Delaware counsel and for that counsel to file an entry of appearance by November 20, 2023 (*Id.*);

WHEREAS, as no attorney entered appearance on behalf of the LLC and Plaintiff had not taken any action in the case, on April 15, 2024, the Court entered an order Plaintiff FNF Holdings

LLC ("FNF") to show cause why the LLC should not be dismissed for failure to prosecute (D.I. 27);

WHEREAS, on April 26, 2024, in response to the Court's Order, FNF filed a Motion for Default Judgment Against Defendant Flip and Fast LLC as to Liability Only and for Permanent Injunction (D.I. 28) and a Certificate of Service for same (D.I. 29); and

WHEREAS, the LLC has neither responded to the motion, nor taken any other action in this case to date.

THEREFORE, IT IS HEREBY ORDERED that:

1.  FNF's motion for default judgment against Defendant Flip and Fast LLC (D.I. 28) is **GRANTED**. A party seeking to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), must first request that the Clerk of the Court enter the default of the party that has not answered or otherwise defended against the pleading within the time required by the rules or as extended by court order, pursuant to Federal Rule of Civil Procedure 55(a). FNF has satisfied this requirement. Thereafter, with the filing of a motion for default judgment, "the entry of a default judgment is left primarily to the discretion of the district court," but "discretion is not without limits," and the preference is for cases to "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). "[I]n exercising its discretion, the trial court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable misconduct." *Id.* at 1181. To date, Defendant

has ignored Court Orders, asserted no defense, let alone a meritorious one, and taken no action in this case.  Accordingly, as a result of Defendant's conduct, default is warranted.

2. FNF's motion for a permanent injunction (D.I. 28) is also **GRANTED**.  A court may award injunctive relief under the Defend Trade Secrets Act.  *See* 18 U.S.C. § 1836(b)(3).  Generally, a party prevailing on the merits must show four factors to obtain a permanent injunction: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of hardships tips in its favor; and (4) the injunction would serve public interests.  *Fres-co Sys. USA, Inc. v. Hawkins*, 690 F. App'x 72, 75 (3d Cir. 2017).  In the "specialized context" of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, these factors generally weigh in favor of injunctive relief.  *See Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) ("Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so."). Because liability for trade secret misappropriation has been established by default and Defendant has not responded to the Complaint and has made no representations to the Court that indicate that future violations of the law are unlikely, the court may issue a permanent injunction.  *See Sec. & Exch. Comm'n v. Krimm*, No. 1:17-CV-464, 2019 WL 2270437, at *6 (D. Del. May 28, 2019) (issuing permanent injunctive relief on a motion for default judgment because defendants did not respond to the complaint or otherwise represent that future violations were unlikely); *Innovative Office Prods., Inc. v. Amazon.com, Inc.*, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012) (issuing a permanent injunction based on acceptance of infringement allegation as true for purposes of the motion for default judgment); *Broadcast Music, Inc. v. Shane's Flight Deck, Ltd.*, 2010 WL 4916208, at *1 (M.D. Pa. Nov. 24, 2010) (finding a permanent injunction was warranted for alleged copyright infringement on a motion for default judgment "given the past and likely

continued violations by defendant"). Moreover, there is nothing in the record to indicate that the balance of hardships favors Defendant or that the public interest will be impaired by granting the injunction.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Memorandum Order to Defendants Daquitia Monique Ricketts and Flip and Fast LLC.

IT IS FINALLY ORDERED that, on or before January 13, 2025, Plaintiff shall submit a proposed form of Default Judgment and Permanent Injunction.

                                             _____
                                             The Honorable Maryellen Noreika
                                             United States District Judge